IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RON ANTONIO JONES                                                                PLAINTIFF

v.                                No. 4:21-cv-1-DPM

CHRISTY JOHNSON, In her Individual
Capacity; RONALD JOHN STUCKEY,
In his Individual Capacity; VERNA
BARNES, Classification Officer; and
John Doe, Officer responsible for bunk
assignments                                                                      DEFENDANT

## ORDER

1.  The Court has reviewed Barnes's motion, *Doc. 44*, and the related papers. Before it decides the motion, however, the Court requests the parties to tie up some factual and legal loose ends.

2.  Jones says in his response that he filed, or at least attempted to file, his complaint before 15 December 2020. The fact that the affidavit attached to the complaint is dated 31 December 2020 is strong evidence to the contrary. The Court's tentative view is that the applicable date for the purposes of establishing the statutes of limitation in this case is 4 January 2021. The Court has no reason at this point to believe that the complaint was filed sooner than that. If Jones has proof that could convince the Court otherwise, then he must file a notice, along with the supplemental materials, by 28 July 2022.

3. Barnes argues that both of Jones's claims against her accrued on or before 15 December 2017 — the date he fell from the top bunk after his alleged misclassification. For the ADA claim, that seems correct: a claim for failure to accommodate accrues when a request is made and unlawfully denied. *Dick v. Dickinson State University*, 826 F.3d 1054, 1061 (8th Cir. 2016). In general, Barnes's conception of claim accrual in the context of Eighth Amendment deliberate indifference is also correct. But there is, perhaps, another layer to that onion.

The Court of Appeals has acknowledged, at least in dicta, that the statute of limitations for deliberate indifference in a prison setting doesn't begin to run until there is complete corrective action or the prisoner is released. *Montin v. Estate of Johnson*, 636 F.3d 409, 415–16 (8th Cir. 2011) (citing with approval *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)). The corrective action in this case occurred on 9 January 2018 when Jones was moved to a bottom bunk after grieving his alleged misclassification. Barnes's alleged deliberate indifference therefore extended into the limitations period. As a continuing violation, Barnes's violation began when she became aware of Jones's need for a bottom bunk and ended when he got that assignment. *Heard*, 253 F.3d at 318. Under that theory, Jones's 15 December 2017 fall would be fair game to establish liability and damages.

This issue has not been raised or briefed, so the Court will allow both parties to address it in a supplemental paper. To the extent that

the continuing violation doctrine is applicable to the ADA claim, please address that as well. The briefs are due by 28 July 2022. The Court will consider any helpful out-of-circuit authority in addition to *Heard* but urges the parties to focus on Eighth Circuit precedent.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 July 2022