IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RON ANTONIO JONES                                                            PLAINTIFF

v.                              No. 4:21-cv-1-DPM

CHRISTY JOHNSON, In her Individual
Capacity;  RONALD JOHN STUCKEY,
Dr., In his Individual Capacity;  VERNA
BARNES, Classification Officer;  and
John Doe, Officer responsible for bunk
assignments                                                                  DEFENDANTS

ORDER

1. The Court appreciates the additional briefing from the parties.

2. Barnes argues that the continuing violation doctrine does not apply to either claim. She says assigning Jones to a top bunk was a discrete act. *Doc. 54.* For the ADA claim, this is true. Jones's claim accrued on or before 15 December 2017—when Barnes failed to accommodate Jones's bottom bunk authorization. *Dick v. Dickinson State University*, 826 F.3d 1054, 1061 (8th Cir. 2016). Jones acknowledges that he did not file his complaint before 15 December 2020. The ADA claim is therefore time barred.

3. But, the continuing violation doctrine applies to Jones's deliberate indifference claim. Jones alleges that Barnes disregarded his

bottom bunk authorization from the time she assigned him to a top bunk until 9 January 2018. *Doc. 53 at 1*. This is enough to show an ongoing policy of deliberate indifference to Jones's medical authorization to sleep on the bottom bunk. *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009); *see also Montin v. Estate of Johnson*, 636 F.3d 409, 415-16 (8th Cir. 2011). Every day that Barnes didn't honor Jones's bottom bunk authorization was an act taken under that policy. *Shomo*, 579 F.3d at 182. Jones's deliberate indifference claim did not accrue until 9 January 2018—the date of corrective action. He filed his complaint on 4 January 2021. That was just inside the applicable three-year limitations period. *Montin*, 636 F.3d at 415-16.

\* \* \*

Barnes's motion for judgment on the pleadings, *Doc. 44*, is partially granted and partially denied. Barnes is entitled to judgment as a matter of law on Jones's ADA claim. Jones's deliberate indifference claim will go forward.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 October 2022